**Leonard Sunarto KARFENDI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–70371.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.[*]

Filed Nov. 20, 2008.

Armin Alexander Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Yamileth G. Handuber, Trial, M. Jocelyn Lopez Wright, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

MEMORANDUM [**]

Leonard Sunarto Karfendi, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The agency denied Karfendi's asylum application as time barred. Karfendi does not challenge this finding.

Substantial evidence supports the agency's denial of withholding of removal because Karfendi's experiences did not constitute past persecution. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000). In addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Karfendi failed to establish that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Further, the record does not compel the conclusion that the religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc).

Substantial evidence also supports the agency's determination that Karfendi is not entitled to CAT relief because he failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.